# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
May 14, 2013 Session

## STATE OF TENNESSEE v. CHARLES EWING KENNEDY

**Appeal from the Circuit Court for Maury County**
**No. 21129      Jim T. Hamilton, Judge**

---

**No. M2012-00755-CCA-R10-CD- Filed June 28, 2013**

---

Appellee, Charles Ewing Kennedy, was indicted by the Maury County Grand Jury for driving under the influence, second offense; speeding; and violation of the implied consent law. Appellee moved to suppress the evidence against him regarding the driving under the influence count. The trial court granted his motion to suppress. This court granted the State's application for permission to appeal. On appeal, the State argues that the trial court incorrectly applied a sufficiency of the evidence standard when granting appellee's motion to suppress rather than making a probable cause determination. The State urges this court to reverse the trial court's ruling and to conclude that the police had probable cause to arrest appellee for driving under the influence. Following our review, we reverse the ruling of the trial court and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Circuit Court**
**Reversed; Case Remanded**

ROGER A. PAGE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon and Kyle Hixson, Assistant Attorneys General; T. Michel Bottoms, District Attorney General; and M. Caleb Bayless, Assistant District Attorney General, for the appellant, State of Tennessee.

William C. Barnes, Jr., Columbia, Tennessee, for the appellee, Charles Ewing Kennedy.

**OPINION**

**I. Facts**

The scant record in this case reflects that Spring Hill Police Officer Ezra Martin stopped appellee for speeding on April 9, 2011. Appellee was indicted on October 12, 2011, for driving under the influence ("DUI"), second offense; speeding; and violation of the implied consent law. Appellee moved to suppress the evidence against him relating to the DUI count of the indictment. The trial court held a hearing on the motion on February 10, 2012.

At the suppression hearing, Spring Hill Police Lieutenant Charles Crosslin testified that he heard over the radio that Officer Ezra Martin had stopped appellee for speeding. Lieutenant Crosslin proceeded to the scene to assist Officer Martin. He testified at the motion to suppress hearing that Officer Martin had smelled alcohol on appellee. Lieutenant Crosslin said that appellee reported that he had consumed three to five beers during the day and had been driving from one bar to another bar. Lieutenant Crosslin had appellee perform several sobriety tests. According to him, appellee failed the first two tests, the nine-step-walk-and-turn and the finger-to-nose tests, and passed the second two, the one-legged-stand and general balance tests. Lieutenant Crosslin testified that appellee did not count his steps out loud and "bobbled" when turning during the nine-step test and that he did not touch the tip of his nose during the finger-to-nose test. Lieutenant Crosslin testified that he had appellee perform the horizontal gaze nystagmus test[1] because Lieutenant Crosslin "was trying to keep a straight face on account of [appellee's] passenger."

The only other evidence presented at the suppression hearing was the video of the field sobriety tests. The trial court viewed the video of the field sobriety tests, as has this court. We note that Lieutenant Crosslin told appellee after the second test that he had done "pretty good." Whether appellee actually touched his nose cannot be discerned from the video. We further note that the police officers allowed appellee's passenger to perform at least one of the field sobriety tests next to appellee, and the passenger clearly failed the tests and would best be characterized as a distraction.

At the conclusion of the hearing, the trial court took the matter under advisement and filed the following written order granting appellee's motion to suppress on February 29, 2012:

---

[1] The horizontal gaze nystagmus test is a scientific test; therefore, evidence regarding the test "must satisfy the requirements of Tenn. R. Evid. 702 and 703 as announced in *McDaniel v. CSX Transportation, Inc.*, 955 S.W.2d 257 (Tenn. 1997)." *State v. Murphy*, 953 S.W.2d 200, 201 (Tenn. 1997).

This Motion to Suppress was heard on the 13th[2] day of February[,] 2012. The [appellee] was traveling on North Main Street in Mt. Pleasant, T[ennessee]. The [appellee] was driving[,] by [Officer Martin's] estimate[,] about [fifty-five miles per hour] in a [thirty miles per hour] zone. The [appellee], when asked, admitted drinking "up to [five] beers" at the Club Crash. The [appellee] was stopped on Third Avenue, Mt. Pleasant, T[ennessee].

[Appellee] was given some field sobriety tasks. The first task was the nine-step task[,] and [appellee] failed to count out lo[u]d[. A]lso the finger-to-nose task was given[,] and the policeman stated [appellee] failed to touch the tip of his nose, but he was given a passing grade on this task by the police officer.[3] The one-legged stand and balance task were given[,] and the policeman said he did very well. This [appellee] is charged with DUI 2nd offense, Speeding[,] and Violation of the Implied Consent Law. The policeman has been very candid in his opinion as to [appellee]'s performance on the various sobriety tasks. The stop was good[;] [appellee] was speeding. This Court feels that because of the severe consequences of DUI second, the State's case needs to be strong. That is not the case here[,] and the Court grants the Motion to Suppress filed by [appellee]. This finding will have no bearing on the other charges of Speeding or Violation of the Implied Consent Laws.

It is therefore[] ordered, adjudged[,] and decreed by the Court[] that the Motion to Suppress filed by the Defendant is granted as [to] the results of the field sobriety tasks. The charges of Speeding and Violation of the Implied Consent are not affected by the granting of this Motion to Suppress.

Following the trial court's ruling, the State applied to this court for permission to appeal pursuant to Tennessee Rule of Appellate Procedure 10. This court granted the application because we "conclude[d] that review of the material issue presented in the State's application is necessary at this time to prevent possible irreparable injury to the public's interest." *State v. Charles Ewing Kennedy*, No. M2012-0075-CCA-R10-CD (Tenn. Crim.

---

[2] The transcript of the hearing is dated February 10, 2012.

[3] The trial court apparently found a discrepancy between Lieutenant Crosslin's testimony and the video evidence, which it resolved in favor of appellee.

App. May 25, 2012) (order granting permission for Rule 10 appeal) (citing *State v. Meeks*, 262 S.W.3d 710, 720 (Tenn. 2008)).

## II. Analysis

On appeal, the State argues that the trial court improperly based its ruling on its perception of the strength of the State's case rather than the existence of probable cause. The State has asked this court to conclude that there was probable cause to arrest appellee for DUI. Appellee responds that the trial court made a probable cause determination when it granted his motion to suppress. We agree with the State that the trial court applied the incorrect legal standard but decline to make a probable cause determination.

After an evidentiary hearing on the merits of a motion to suppress, we attribute to the factual findings of the trial court the weight of a jury verdict. *State v. Makoka*, 885 S.W.2d 366, 371 (Tenn. Crim. App. 1994). We review de novo the trial court's legal conclusions denying a motion to suppress. *State v. Northern*, 262 S.W.3d 741, 747 (Tenn. 2008). In doing so, we give deference to the trial judge's findings of fact unless the evidence preponderates otherwise. *Id.*; *see State v. Ross*, 49 S.W.3d 833, 839 (Tenn. 2001); *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). "'[C]redibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact.'" *Northern*, 262 S.W.3d at 747-48 (quoting *Odom*, 928 S.W.2d at 23). However, "when a trial court's findings of fact at a suppression hearing are based on evidence that does not involve issues of credibility, a reviewing court must examine the record de novo without a presumption of correctness." *State v. Binette*, 33 S.W.3d 215, 217 (Tenn. 2000). The prevailing party on the motion to suppress is afforded the "'strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence.'" *Northern*, 262 S.W.3d at 748 (quoting *State v. Keith*, 978 S.W.2d 861, 864 (Tenn. 1998)); *see State v. Daniel*, 12 S.W.3d 420, 423 (Tenn. 2000); *Odom*, 928 S.W.2d at 23.

It is an elementary principle that a trial court reviewing the merits of a motion to suppress based on an allegedly illegal, warrantless arrest must determine whether probable cause supported the arrest. *See State v. Echols*, 382 S.W.3d 266, 276 (Tenn. 2012) (reciting the law regarding probable cause for warrantless arrests). The trial court herein did not apply the appropriate legal standard by basing its decision on the strength of the State's case relative to the consequences of a DUI, second offense, conviction rather than on the existence of probable cause. Therefore, we reverse the trial court's granting of appellee's motion to suppress.

The State has requested that this court review the evidence and conclude that probable cause existed to arrest appellee. In *Wade Willis*, this court made such a ruling based upon the video of the arrest and testimony of the arresting officer, which is the same type of evidence we have in this case. *See State v. Wade Willis*, No. M2012-01577-CCA-R3-CD, 2013 WL 1645740, at *5 (Tenn. Crim. App. April 17, 2013). However, the officer's testimony in *Wade Willis* was uncontradicted. *Id.* In this case, there appear to be discrepancies in the evidence, and resolution of such discrepancies is the province of the trial court as the trier of fact. *See Northern*, 262 S.W.3d at 747-48. Therefore, we decline to make a probable cause determination and remand the matter to the trial court for further proceedings consistent with this opinion. Specifically, the trial court should determine whether probable cause existed to support appellee's warrantless arrest.

## CONCLUSION

Based on our review of the record, the arguments of the parties, and the applicable law, we reverse the trial court's ruling on appellee's motion to suppress and remand for further proceedings consistent with this opinion.

_____
ROGER A. PAGE, JUDGE